UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LARRY COFFMAN,                        )
                                      )
            Plaintiff,                )
                                      )
        v.                            )        No. 4:07-CV-880-CEJ
                                      )
ALAN BLAKE,                           )
                                      )
            Defendant.                )


## ORDER AND MEMORANDUM

This matter is before the Court upon the application of
Larry Coffman for leave to commence this action without payment of
the required filing fee.  *See* 28 U.S.C. § 1915(a).  Upon
consideration of the financial information provided with the
application, the Court finds that plaintiff is financially unable
to pay any portion of the filing fee.  Therefore, plaintiff will be
granted leave to proceed in forma pauperis pursuant to 28 U.S.C. §
1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may
dismiss a complaint filed in forma pauperis at any time if the
action is frivolous, malicious, fails to state a claim upon which
relief can be granted, or seeks monetary relief against a defendant
who is immune from such relief.  An action is frivolous if "it
lacks an arguable basis either in law or in fact."  *Neitzke v.
Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a

claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a civilly-committed resident of the Missouri Sexual Offender Treatment Center ("MSOTC"), seeks monetary relief in this 42 U.S.C. § 1983 action against defendant Alan Blake. Plaintiff alleges that he "should not be committed to state hospitals that are unconstitutional," and "[t]here is no consensus among professional treatment providers and researchers on assessing risk levels."

Although the Court must liberally construe plaintiff's factual allegations, it will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. Plaintiff's conclusory allegations that MSOTC is

2

an unconstitutional treatment facility and that the assessment of risk levels lacks a consensus simply do not rise to the level of a constitutional violation or state a claim under § 1983. Therefore, the complaint is legally frivolous.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 3rd day of May, 2007.


_____
**UNITED STATES DISTRICT JUDGE**